UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

LOANNA NOGUERA,

        Plaintiff,

    - against -

LEO BEDARD and Y.P.C. CONTRACTEUR
FORESTIER INC.,

        Defendants.

-------------------------------------------------------------X

**OPINION AND ORDER**
**REMANDING ACTION TO**
**STATE COURT**
11-CV-4893 (RRM)(ALC)

ROSLYNN R. MAUSKOPF, United States District Judge.

      This personal injury action arising out of a car accident was commenced on or about

August 17, 2011 with the filing in the Supreme Court of the State of New York, County of Kings

of a summons and complaint.  On October 7, 2011, defendants filed a notice of removal in this

Court (Doc. No. 1), citing as the basis for removal this Court's diversity jurisdiction pursuant to

28 U.S.C. § 1332.

      By Order to Show Cause (Doc. No. 3), this Court ordered defendants to Show Cause in

writing, on or before October 25, 2011, why this action should not be remanded to the Supreme

Court of the State of New York, County of Kings, for lack of subject matter jurisdiction.  In its

Order to Show Cause, the Court raised concerns that defendants' notice of removal did not

properly allege the amount in controversy, citing, *inter alia*, the Second Circuit's recent

pronouncement that the amount in controversy is not established until "plaintiff serves the

defendant with a paper that explicitly specifies the amount of monetary damages sought."

*Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

      In response, defendants avoid any discussion whatsoever of *Moltner*, disregarding

entirely the "bright line" test that case sets forth.  Defendants rely instead on an unpublished

district court case decided five years prior *Moltner* for two propositions: first, that an allegation of "injuries severe and permanent in nature . . . can conclusively be held to exceed $75,000;" and second, that plaintiff's failure to stipulate to damages, or respond to defendants' demand to particularize damages, is sufficient to establish the required amount in controversy. (Mem. in Opp'n to Remand (Doc. No. 8-5) at 2; *see Juarbe v. Kmart Corp.*, No. 05-CV-1138 (TPG), 2005 WL 1994010, at *1 (S.D.N.Y. Aug. 17, 2005).) Defendants' contentions are meritless.

Defendants' first proposition is irreconcilable with the rule set out in *Moltner*. In that case, as noted above and discussed more fully in this Court's prior Order to Show Cause, the Second Circuit set forth a "bright line" test to determine the amount in controversy, by requiring delivery of a pleading or other paper that explicitly specifies the amount of money damages sought. *Moltner*, 624 F.3d at 36. Defendants' reliance on an older district court case, in light of a directly adverse and more recent Second Circuit decision, is untenable and patently misplaced. *See, e.g., Unicorn Bulk Traders Ltd. v. Fortune Mar. Enters., Inc.*, No. 08-CV-9710 (PGG), 2009 WL 125751, at *2 (S.D.N.Y. Jan.20, 2009) (district court "bound to follow controlling Second Circuit precedent unless that precedent is overruled or reversed") (citing *United States v. Emmenegger*, 329 F. Supp. 2d 416, 436 (S.D.N.Y. 2004) (district court is "obliged to follow [Second Circuit] precedent until it is overruled by a higher court or until the Supreme Court renders it untenable"); *Bass v. Coughlin*, 800 F. Supp. 1066, 1071 (N.D.N.Y. 1991) ("When the Court of Appeals announces a principle of law for this circuit, it remains the law until the case is overruled or reversed.")).

With respect to the second proposition, defendants' reference to an unsigned stipulation by which they hope to bind plaintiff to a promise never made, or confer subject matter jurisdiction on the Court, is insufficient to establish the amount in controversy required by the

removal and diversity statutes. *See* 14AA Wright, Miller et al., Federal Practice and Procedure § 3702.1 (4th ed.) ("[A] refusal to stipulate or contest the notice of removal normally should not be accepted by the district court as establishing the jurisdictional amount because that might be viewed as tantamount to allowing the parties to consent to removal jurisdiction."); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) ("Jurisdiction cannot be conferred by stipulation or silence."); *cf. Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (holding that plaintiff's refusal to sign similar stipulation, together with plaintiff's admission in open court that the amount in controversy likely exceeded $75,000, was sufficient to meet amount in controversy requirement). Moreover, the plain language of New York Civil Practice Law and Rule ("C.P.L.R.") 3017(c) accords defendants with an explicit remedy in the face of plaintiff's failure timely to respond to the *ad damnum* demand: the state court, on motion, may order plaintiff to respond. Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power – indeed, the statutory obligation – to consider so doing.

Defendants do not claim to have sought an order from the state court requiring plaintiff to respond to the *ad damnum* demand, which defendants admit was served on October 12, 2011.[1] (Demand for Stmt. of Damages (Doc. No. 8-1) ¶ 8; Mem in Opp'n at 4.) Rather than move the state court in the face of plaintiff's silence, defendants sent to plaintiff a proposed stipulation as to the amount of damages. (Aff. in Opp'n to Remand Ex. B (Doc. No. 8-2) at 1; Mem. in Opp'n at 4.) Once again, in the face of plaintiff's silence, defendants failed to seek the intervention of

---

[1] The party bringing the action must respond to the demand within fifteen days of the request. N.Y. C.P.L.R. 3017(c). In this case, plaintiff's response time would run by October 27, 2011. *See* N.Y. Gen. Constr. Law § 20.

the state court. Rather, defendants improperly presumed that plaintiff's repeated failures to respond meant that the amount in controversy warranted removal.

Moreover, pursuant to 28 U.S.C. § 1446(b), the outer limit for timely removal of an action, as here, brought on the basis of diversity jurisdiction is one year after commencement of the action. This lawsuit was commenced in the state court on August 17, 2011. As such, defendants have ample time in which to seek a state court order pursuant to C.P.L.R. 3017(c) compelling plaintiff to set forth the total damages to which plaintiff deemed herself entitled.

Defendants correctly note that a court may consider evidence outside of a plaintiff's pleadings to establish, to a reasonable probability, that the amount in controversy exceeds the $75,000 jurisdictional limit. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Courts are to evaluate jurisdictional facts "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (where a complaint does not establish amount in controversy, "the court may look to the petition for removal"). Here, defendants assert that the complaint alleges "serious and permanent personal injuries." (Compl. (Doc. No. 1) ¶ 31; Mem. in Opp'n at 3.) However, the state court complaint contains only this and other boilerplate allegations that plaintiff sustained "serious and permanent personal injuries . . . including neck trauma, back trauma, contusions, abrasions, bruises and swelling about her body resulting in substantial and related pain." (Compl. ¶¶ 31–32.) The complaint in no way specifies the particular extent of any injury, nor the dollar amount of the loss suffered by plaintiff as a result. Neither the notice of removal nor defendants' response to this Court's Order to Show Cause particularizes or amplifies in any way the extent of plaintiff's injuries or damages. For example, defendants do not provide medical records,

accident reports, or other information from which the Court could determine to a reasonable probability an adequate amount in controversy.

## CONCLUSION

For the reasons set forth herein, this Court hereby REMANDS this action to the Supreme Court of the State of New York, County of Kings, and the Clerk of Court is directed to close the file in this Court.

SO ORDERED.

Dated: Brooklyn, New York
October 26, 2011

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge